. The opinion of the Court, was delivered by
Hornblower, C. J.
Merseillis, sued Ryerson before a Jus-
tice of the Peace, in an action on the case, and complained in his state of demand, that the defendant on &c. at &c. applied to the plaintiff to exchange with him a certain horse of defendant’s, for a certain horse of the plaintiff’s, of great value &c. that the defendant, falsely, &c. well knowing the contrary, represented to the plaintiff, that the horse which the defendant thus proposed to exchange for the horse of the plaintiff, was, a certain brown horse, then and for a long time before belonging to the defendant, and the mate of the brown horse, the defendant had a short time before sold to Adrian Van Houten : that the defendant thereby fraudulently induced the plaintiff to exchange horses with him and to’ give the defendant his horse and fifty dollars in money, for the said horse of the defendant, whereas in truth and in fact, the horse which the defendant'so gave to the plaintiff in exchange for his horse and the sum of fifty dollars, was not the brown horse then and for a long time before'belonging to the defendant, and the mate of the brown horse the defendant had before then sold to Adrian Van Houten; but another and a different horse, and one which the defendant had on that day obtained from one Albert Alyea.
The plaintiff further complained that the defendant deceived him in the exchange of a certain other horse of the defendant, for a horse of the plaintiff’s by falsely representing the last mentioned horse of the defendant’s to be sound, and hind, and true, *451 when lie well knew the fact to be otherwise. And concludes by-averring, that by reason of the premises, lie has been deprived of the use of his horse, and put to great expense in keeping and feeding the horse so exchanged by the defendant to the plaintiff, and that he had been injured and had sustained damage to the amount of one hundred dollars.
Upon this state of demand the plaintiff recovered a verdict and judgment against the defendant for twenty-five dollars and costs. The defendant appealed, and on the trial of the appeal, a like verdict and judgment were rendered in favor of the plaintiff.
The first count, as it is called, in this state of demand, sets forth no cause of action. The facts stated, import no injury to the plaintiff. For all that appears, the horse which the plaintiff received from the defendant, may have been a better and more valuable one, than the match horse for which he supposed he was bargaining. The whole complaint is, that the defendant told him an untruth ; but the plaintiff does not shew that he was in any way injured or prejudiced by such false representation.
It is a sound and sensible rule of pleading, not to be departed from, even in the Court for the trial of small causes, that special damages, sueh as the law does not imply from the facts stated, must he specially laid in the declaration. The usual conclusion, ad damnum &g. is not sufficient. The rule is shortly stated by Mr. Chilty as follows; “ When the law does not necessarily imply that the plaintiff sustained damage "by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity.” (1 Chitt. pi. 386,) and the cases cited by him, fully sustain the rule and shew the reasons for it.
The plaintiff ought not therefore, on the trial of the cause, to have been permitted, (especially as the defendant objected to such evidence) to prove any matters going to show that he had been injured by having a different horse put upon him, in the exchange, from the one he supposed he was getting, or that the match horse was more valuable than the one he got. If that was the ground of his complaint, it should have been stated, and then the defendant might have come prepared to rebut such evidence. (1 Chill, on plead. 386 ; 8 Ter. R. 140.)
It is admitted however, that the second count sets forth a good *452 cause of action, but unfortunately, no evidence was given on the trial, of any knowledge on the part of the defendant, that the horse was unsound, unkind, or balking. The judgment must therefore be reversed.
Another objection urged by the plaintiff in Certiorari, was that a witness was admitted on the trial of the appeal, who had not been sworn in the Court below, without such affidavit of newly discovered evidence as the statute requires. The act (Harr. Comp. 6,) provides, that if either party, file an affidavit stating that he hath newly discovered evidence, and setting forth the substance thereof, and the name of the witness, such evidence shall be received on the trial of the appeal. The counsel for the plaintiff supposes, that it must be such newly discovered evidence, and of such a character, as would entitle a party in this Court to a new trial, and he insists, that the evidence thus introduced in this case, was only cumulative and therefore not admissible. But this is a mistake. The Court of Appeals do not grant a new trial. They proceed to try the cause over again upon its merits, as a matter of course; and the witnesses sworn on the former trial, may be examined touching any matter within their knowledge, and material to the issue, although not examined on that point, so minutely, or even at all, on the former trial. So a new witness, upon such affidavit as the statute requires, may 'be introduced to prove, or give additional evidence of any disputed and material fact, although such newly discovered evidence would not have entitled the party to a new trial in this, or in any other Court. This is in conformity with the decision of this Court in Sherron v. Humphreys, 2 Green, 221. Let the Judgment be

Reversed.